

| | |
|---|---|
| District Court, Denver County, Colorado<br>Court Address: 1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | 19 JAN 30 PM 12: 27<br>DATE FILED: January 30, 2019<br>CASE NUMBER: 2019CV61 |
| Plaintiff(s): BATH, BRIAN, Sui Juris;<br><br>v.<br><br>Defendant(s):AMERICAN EXPRESS COMPANY;<br>CAPITAL ONE;<br>J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES;<br>LEXISNEXIS RISK SOLUTIONS, INC.;<br>FIRST PREMIER BANK;<br>ONEMAIN FINANCIAL GROUP LLC;<br>REALPAGE dba LEASING DESK;<br>PAYPAL INC;<br>SYNCHRONY BANK;<br>BANK OF AMERICA;<br>WELLS FARGO BANK, NATIONAL ASSOCIATION;<br>T D BANK; | ▲   ▲<br>COURT USE ONLY |
| Attorney or Party Without Attorney (Name and Address):<br><br>Brian Bath<br>5994 S Holly Street, # 244<br>Englewood, Colorado 80111<br><br>Phone Number: (303) 517 1360<br>Email: bbath2012@aol.com<br>FAX Number:  N/A    Atty. Reg. #: N/A | Case Number:<br><br>19CV61<br><br>Division: 409 |

## COMPLAINT FOR THEFT, FRAUD AND CONVERSION

### INTRODUCTION

The Plaintiff, Brian Bath, comes to this honorable Court with "clean hands" and "good faith" as a last remedy for justice, the Plaintiff has exhausted his Administrative Remedy, and because of years of battling the actions of Identity Theft and Fraud by unknown parties. The Plaintiff has become homeless, bankrupt, and owns nothing but his reputation, in todays world of commerce, the Plaintiff credit score is vital for his survival, which has been destroyed by the named Defendants.

EXHIBIT A | Declaration in Testimony for Brian Bath.

## PARTIES

1. The Plaintiff, Brian Bath ("Mr. Bath" or "Plaintiff"), is a Colorado Citizen and a consumer.

2. Defendant LexisNexis Risk Solutions Inc., (Lexis) is a computer-assisted legal research agency located in Alpharetta, GA.

3. Defendant American Express., (AMEX) is a financial services corporation located in New York, NY.

4. Defendant Bank of America., (BOA) is a financial services corporation located in Wilmington, DE.

5. Defendant JPMorgan Chase & Co., (Chase) is a Foreign Corporation located in New York, NY.

6. Defendant OneMain Financial Group, LLC., (OneMain) is a Foreign Limited Liability Company, located in Baltimore, MD.

7. Defendant Wells Fargo (Wells Fargo) is a Foreign Limited Liability Company located in San Francisco, CA.

8. Defendant Capital One, National Association (Capital) is a Foreign Other located in McLean, VA.

9. Defendant Synchrony Bank, (Synchrony) is a Foreign Corporation located in Orlando, FL.

10. Defendant PayPal, (PayPal) is a Foreign Corporation located in San Jose, CA.

11. Defendant RealPage, (Realpage) is a Foreign Corporation located in Richardson, TX.

12. Defendant TD Bank, (TD Bank) is a Foreign Corporation located in Cherry Hills, NJ.

13. Defendant First Premier Bank, (1st Premier) is a Foreign Corporation located in Sioux Falls, SD.

## FACTS OF THE CASE

14. The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiry, dated 04.28.2017 by a company calling itself Wells Fargo.   See Exhibit B

15. The Plaintiff filed a complaint with Dispute Notice regarding the Wells Fargo inquiry with the Consumer Financial Protection Bureau on 11.06.2018, file # 181105-3606695.

16. The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiries, dated 09.27.2018, 10.01.2018; and later on, an Experian Credit file dated, 10.25.2018, by a company calling itself American Express.  See Exhibit B

17. The Plaintiff filed a complaint with dispute notice regarding the American Express inquiries with the Office Comptroller of the Currency on 11.04.2018, file # 9F32DA92018.

18. The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiries, dated 04.28.2017 and 06.29.2018 by a company calling itself Bank of America. See Exhibit B

19. The Plaintiff filed a complaint with dispute notice regarding the Bank of America inquiries with the Office Comptroller of the Currency on 11.04.2018, file # 9CBFB102018.

20. The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiries, dated 04.24.2017 and 10.23.2016 by a company calling itself CAP ONE.  See Exhibit B

21. The Plaintiff reviewed Trans Union credit file # 310634414, dated January 2, 2019; observed an unauthorized, "unspecified" inquiries, dated 04.24.2017, 04.24.2017; by a company calling itself Capital One.  See Exhibit C

22. The Plaintiff reviewed Equifax credit file # 9003044461, dated January 3, 2019; observed an unauthorized, "unspecified" inquiry, dated 04.24.2017, by a company calling itself Capital One. See Exhibit D

23. Plaintiff mail a certified USPS, Dispute Notice to the CEO of Capital One, located at 1680 Capital One Drive, McLean, VA 22102-3491; dated 01.19.2019.

24. The Plaintiff filed a complaint with dispute notice regarding the Capital One inquiry with the Office Comptroller of the Currency on 11.05.2018, file # BF41B3E2018.

25.  The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiries, dated 06.29.2018; by a company calling itself CHASE. See Exhibit B

26.  The Plaintiff reviewed Equifax credit file # 9003044461, dated January 3, 2019; observed an unauthorized, "unspecified" inquiry, dated 05.01.2017, by a company calling itself CHASE. See Exhibit D

27. Plaintiff received a letter from a company calling itself CHASE, stating that it admits the inquiry was "fraudulent"; dated November 16, 2018.

EXHIBIT A | Declaration in Testimony for Brian Bath.

28. The Plaintiff filed a complaint with dispute notice regarding the Chase inquiry with the Office Comptroller of the Currency on 11.04.2018, file # DFE616E2018.

29. The Plaintiff reviewed Experian credit file # 0610-5540-48, dated October 12, 2018; observed an unauthorized, "unspecified" inquiry, dated 06.18.2018; by a company calling itself ONEMAIN. See Exhibit B

30. The Plaintiff filed a complaint with dispute notice regarding the OneMain Financial Group inquiry with the Consumer Financial Protection Bureau on 11.04.2018, file # 180626-3267629.

31. The Plaintiff reviewed Trans Union credit file # 310634414, dated January 2, 2019; observed an unauthorized, "unspecified" inquiry, dated 12.17.2018; by a company calling itself LEXISNEXIS.

32. The Plaintiff filed a complaint with dispute notice regarding the LexisNexis inquiry with the Consumer Financial Protection Bureau on 11.04.2018, file # 181105-3604177.

33. The Plaintiff reviewed Trans Union credit file # 310634414, dated January 2, 2019; observed an unauthorized, "unspecified" inquiry, dated 12.17.2018; by a company calling itself PAYPAL. See Exhibit C

34. The Defendant has manifested a history of dishonor, as a defendant in multiple court cases. In a class action lawsuit, titled *Zepeda v. PayPal Inc.*, (Case No. 4:10-cv-02500, in the U.S. District Court for the Northern District of California), the Plaintiff(s) accused PayPal of improperly handling disputed transactions; placing holds, reserves or limitations on customers' accounts without notice; and in some cases, suspending or closing accounts.  As a result of this case, PayPal paid the class $4 million. In *Comb v. PayPal*, (Cases No. C-02-1227 and C-02-2777 JF (N.D. Cal., August 30, 2002), PayPal agreed to pay $9.25 million to users whose accounts it froze without explanation due to suspicious activity.

35. The Plaintiff reviewed Trans Union credit file # 310634414, dated January 2, 2019; observed an unauthorized, "unspecified" inquiries, dated 06.24.2017, 02.16.2017; by a company calling itself Synchrony Bank. See Exhibit C

36. Plaintiff mail a certified USPS, Dispute Notice to the CEO of Synchrony Bank, located at 965 Keller Rd, Altamonte Springs, FL 32714; dated 01.18.2019.

37. The Plaintiff reviewed Equifax credit file # 9003044461, dated January 3, 2019; observed an unauthorized, "unspecified" inquiries, dated 09.13.2017, by a company calling itself Leasing Desk. See Exhibit D

38. Plaintiff mail a certified USPS, Dispute Notice to the CEO of RealPage dba Leasing Desk, located at 2201 Lakeside Boulevard, Richardson, TX 75082, dated 01.18.2019.

EXHIBIT A | Declaration in Testimony for Brian Bath.

39. The Plaintiff reviewed Equifax credit file # 9003044461, dated January 3, 2019; observed an unauthorized, "unspecified" inquiry, dated 05.02.2017, by a company calling itself T D Bank. See Exhibit D

40. Plaintiff mail a certified USPS, Dispute Notice to the CEO of T D Bank, located at 1701 Marlton Pike East Cherry Hills, NJ 08034, ; dated 01.18.2019.

41. The Plaintiff reviewed Equifax credit file # 9003044461, dated January 3, 2019; observed an unauthorized, "unspecified" inquiry, dated 05.01.2017, by a company calling itself First Premier Bank. See Exhibit D

42. Plaintiff mail a certified USPS, Dispute Notice to the CEO of First Premier Bank, located at 601 South Minnesota Avenue, Sioux Falls, SD 57104; dated 01.18.2019.

43. Since October 2018 to present day, Plaintiff has repeatedly disputed the inaccurate information with the Defendant(s), by both oral and written communications to the Defendant(s) representatives.

44. The Defendant(s) willful, negligent actions, laws were flouted with *impunity*, have caused injuries to the Plaintiff and continue to cause damage to the Plaintiff. Defendant(s) has and continue to steal consumer's identity, willfully, negligently, and fraudulently, without permissible purposes, causing Plaintiff actual damages and punitive damages, to be determined at trial, including Theft, Fraud and Conversion.

45. **6-1-113. Damages (1)** The provisions of this article shall be available in a civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article. An action under this section shall be available to any person who: **(a)** Is an actual or potential consumer of the defendant's goods, services, or property and is injured as a result of such deceptive trade practice,

## CAUSES OF ACTION

Plaintiff, Brian Bath, on behalf of himself, over the age of 25, competent as a first-hand witness to the actions of Defendants, allege the following:

46. The Plaintiff brings this matter against the Defendants to pray for remedy and relief for Defendant's violations of the Theft, Fraud, and Conversion.

### CLAIMS
### COUNT ONE - FRAUD
(Plaintiff v. AMEX, Capital One, Chase, Lexis, First Premier, OneMain, Realpage, PayPal, BOA, Synchrony, Wells Fargo, T D Bank)

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

EXHIBIT A | Declaration in Testimony for Brian Bath.

48. Fraud is defined as: "An intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right". See Black's Law Dictionary, 5th edition, page 337. In order to show fraud under Colorado law, a plaintiff must prove that:
    (a) the defendant made a false representation of a past or present fact;
    (b) the fact was material;
    (c) the defendant made the representation knowing it was false or was aware he did not know it was true or false;
    (d) the defendant made the representation with the intent that the plaintiff relies on it;
    (e) the plaintiff relied on the representation;
    (f) the plaintiff's reliance was justified; and
    (g) the reliance resulted in damage to the plaintiff.

49. Defendant(s) made a false representation when it represented that it had consent to review consumer Credit Files. Such as Plaintiff, when it withheld notifying or confirming permission to review Plaintiff's personal property as clearly stated on Consumer credit files as a "Fraud alert" with no notice, either oral or written. The fact was material in that Plaintiff was deprived of his credit score which is needed to operate in commerce. The Defendant(s) represented that the credit file was authorized but withheld any proof of consent via a 'signed contract". Plaintiff was justified in relying on Defendant's not harming or causing injury to his credit score or reputation. and such reliance resulted in Plaintiff suffering emotional pain and suffering when his credit dropped dramatically, without notice.

50. Plaintiff has suffered damages in the amount of $49,000.00 in lost credit opportunities, $1000.00 in court costs and service of process, and $ 50,000.00 in pain and suffering/emotional distress.

## CLAIMS
## COUNT TWO - CONVERSION
(Plaintiff v. AMEX, Capital One, Chase, Lexis, First Premier, OneMain, Realpage, PayPal, BOA, Synchrony, Wells Fargo, T D Bank)

51. Conversion is defined as:" receiving into possession money or property of another and fraudulently withholding, converting or applying the same to or for one's own use and benefit, or to use and benefit of any person other than the one whom the money or property belongs". See Black's Law Dictionary, 5th edition, page 338. A conversion may be committed by unreasonably withholding possession from one who has the right to it. The elements of conversion are:

    (a) the plaintiff's ownership or right to possession of the property;
    (b) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and
    (c) damages.

*See Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery), 317 F.3d 1064 (9th Cir. Cal. 2003)*

A person not in lawful possession of a chattel (non-real property) may commit conversion by:

(a) intentionally dispossessing the lawful possessor of the chattel,
(b) intentionally using a chattel in his possession without authority so to use it,
(c) receiving a chattel pursuant to an unauthorized sale with intent to acquire for himself or for another a proprietary interest in it,
(d) disposing of a chattel by an unauthorized sale with intent to transfer a proprietary interest in it, or
(e) refusing to surrender a chattel on demand to a person entitled to lawful possession.

See *Baram v. Farugia*, 606 F.2d 42 (3d Cir. Pa. 1979)

By failing to honor the Plaintiff's right to private property in his credit files, held by Defendant(s), by Defendant's continued publishing Plaintiff's inquiries in light of Plaintiff's demand that Defendant validate the inquiries, rightly due to Plaintiff including deleting the inquiries, Defendant(s) have caused Plaintiff embarrassment as well as emotional distress.

52. Plaintiff has suffered damages in the amount of $49,000.00 in lost credit opportunities, $1000.00 in court costs and service of process, and $ 50,000.00 in pain and suffering/emotional distress.

## CLAIMS
## COUNT THREE - THEFT
**(Plaintiff v. AMEX, Capital One, Chase, Lexis, First Premier, OneMain, Realpage, PayPal, BOA, Synchrony, Wells Fargo, T D Bank)**

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length

54. Theft is defined as: "The taking of property without owner's consent". See Black's Law Dictionary, 5th edition, page 768. A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value;
(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
(d) Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or
(e) Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.

55. In this case, the actions of Defendant(s) met the definition of theft by "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by

threat or deception" as well as element (d) above "demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person". Plaintiff gave Defendant notice that the personal property, "Plaintiff credit file" were erroneously reviewed and submitted. Defendant refused to delete the inquiry until this lawsuit was filed. Had the lawsuit not been filed, Defendant gives no indication they would ever return Plaintiff's personal property to Plaintiff, the rightful owner.

56. Plaintiff has suffered damages in the amount of $49,000.00 in lost credit opportunities, $1000.00 in court costs and service of process, and $ 50,000.00 in pain and suffering/emotional distress.

57. I, Bath, Brian, certify on my own full commercial liability that I have read the above affidavit and do know the contents to be true, correct and complete, and not misleading, the truth, the whole truth, and nothing but the truth, and do believe that the above described acts have been committed contrary to law.

58. I, Brian Bath, reserved my rights to amend and or correct any errors in my Declaration in Testimony for Brian Bath.

WHEREFORE, the Plaintiff reiterates his prayer to be made whole, and for the remedy and relief for the Defendant's violations of the Theft, Fraud, and Conversion.

a. $ 100,000.00 in Punitive damages to be determined at trial;
b. Court fees and costs.
c. Specific Performance
d. For such other relief as may be proper.

All Rights Reserved

_____
Bath, Brian; Plaintiff

EXHIBIT A | Declaration in Testimony for Brian Bath.