IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00606-RM-NYW

BRIAN BATH,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY;
J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES;
LEXISNEXIS RISK SOLUTIONS, INC.;
FIRST PREMIER BANK;
REALPAGE d/b/a Leasing Desk;
PAYPAL INC.;
SYNCHRONY BANK;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
TD BANK;

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

Pending before this court is Defendant Wells Fargo's Motion to Enforce Settlement [#72] that was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b) and by the Memorandum dated March 21, 2019 [#75]. On May 17, 2019, Plaintiff Brian Bath and Defendant Wells Fargo Bank, N.A. filed a Stipulation to Dismiss Wells Fargo Bank, N.A. with Prejudice. [#117]. Accordingly, it is respectfully **RECOMMENDED** that:

(1)     Wells Fargo's Motion to Enforce Settlement [#72] be **DENIED AS MOOT**.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation

DATED: May 17, 2019  BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).