**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-00606-RM-NYW

BRIAN BATH,

    Plaintiff,

v.

AMERICAN EXPRESS NATIONAL BANK,
J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES,
LEXISNEXIS RISK SOLUTIONS INC.,
FIRST PREMIER BANK,
PAYPAL, INC.,
SYNCHRONY BANK, and
TD BANK USA, N.A.,

    Defendants.

---

## ORDER
---

This matter is before the Court on the May 31, 2019, recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 119) on seven pending motions.[1] The Court discerns no clear error on the face of the record with respect to the magistrate judge's recommendation and concludes her analysis was thorough and sound. The Court accepts and adopts the recommendation and incorporates it herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] Defendant Real Page, Inc. has since been dismissed by stipulation (ECF No. 121); accordingly, the Court dismisses as moot its motion to dismiss (ECF No. 81).

The recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation. No party has filed an objection, and the time to do so has expired. "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The magistrate judge's determination that Plaintiff failed to state a claim for fraud, conversion, or theft supports her recommendation to grant the motions to dismiss by Defendants PayPal, Inc. ("PayPal") (ECF No. 56), LexisNexis Risk Solutions Inc. ("LNRS") (ECF No. 63), American Express National Bank ("American Express") (ECF No. 65), and TD Bank USA, N.A. ("TD") (ECF No. 68), as well as the motion for judgment on the pleadings by Defendant First Premier Bank ("FPB") (ECF No. 107). As to the alleged fraud, the complaint does not identify any knowingly false representations by any Defendant. Further, "Plaintiff never identifies when which Defendant is engaging in what conduct"; consequently, the allegations fail to state with particularity the circumstances constituting the alleged fraud. (ECF No. 119 at 15.) As to the alleged theft and conversion, the complaint "does not explain how credit files maintained by other constitutes [Plaintiff's] personal property, nor does he explain how inaccurate records or unwanted credit inquiries constitutes a deprivation of his 'private property.'" (*Id.* at 16.) The Court concurs with the magistrate judge's analysis.[2]

The magistrate judge also recommended denying Plaintiff's motion to amend the complaint (ECF No. 109). The magistrate judge determined that amendment is not appropriate

---

[2] The Court also concurs with the magistrate judge's alternative grounds for granting the motions by RealPage and American Express, but, given the lack of any objection to the recommendation, the Court does not reiterate them here.

2

because the proposed amended complaint is significantly different than the current operative complaint. In addition, accepting the proposed amended complaint would make this action duplicative of Civil Action No. 1:19-cv-00106-RM-NYW. The Court agrees that the motion should be denied.

Therefore, the Court ACCEPTS and ADOPTS the recommendation (ECF No. 119) and ORDERS that:

(1) PayPal's motion to dismiss (ECF No. 56) is GRANTED;

(2) LNRS's motion to dismiss (ECF No. 63) is GRANTED;

(3) American Express's motion to dismiss (ECF No. 65) is GRANTED;

(4) TD's motion to dismiss (ECF No. 68) is GRANTED;

(5) RealPage, Inc.'s motion to dismiss (ECF No. 81) is DENIED AS MOOT;

(6) FPB's motion for judgment on the pleadings (ECF No. 107) is GRANTED; and

(7) Plaintiff's motion to amend the complaint (ECF No. 109) is DENIED; and

(8) any Defendant seeking attorney fees may file an appropriate motion within fourteen days of this Order.

DATED this 25th day of June, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge